

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 28 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Candice Y. Carley, <br> Plaintiff <br><br> v. <br><br> SETERUS, INC. <br><br> Defendant | CIVIL ACTION <br> FILE NO: **1:16-cv-02184-CC-LTW** |

## PLAINTIFF'S MOTION TO ORDER A TEMPORARY RESTRAINING ORDER

COMES NOW Plaintiff, Candice Y. Carley, a COBB COUNTY resident, owning property within the county, proceeding *in propria persona in Sui Juris*, to file this *Motion to Order a Temporary Restraining Order* to stop and/or prevent the foreclosure of Plaintiff's home/property located at 4757 Cheviot Way, SE, Smyrna, GA 30080.

## PREFACE

Defendant's foreclosure mill attorney, BROCK & SCOTT, PLLC, issued a Notice of Sale letter to intend to sell the Plaintiff's property at a public auction on December 6, 2016. The sale will proceed unless a **Temporary Restraining Order** is granted to first resolve the controversy in the civil action currently pending in District Court [**1:16-cv-02184-CC-LTW**].

According to Georgia Law when proceedings to foreclose a mortgage shall be instituted and a defense shall be set up thereto, the issue shall be submitted to and tried by a jury. Georgia Code - **Title 44, Section 44-14-186 – therefore the foreclosure scheduled for December 6, 2016, must be postponed until the case in District court is judicated on.**

## PARTIES TO THE ACTION

Plaintiff, **Candice Y. Carley**, at all times relevant, has owned and resided at 4757 Cheviot Way, SE, Smyrna, GA 30080-9257, in COBB COUNTY.

Defendant **SETERUS, INC.** is for profit foreign corporation with its principal place of business located at 14523 SW Millikan Way, Suite 200, Beaverton, OR, 97005.

## ALLEGATIONS OF FACT

The matter arises out of **Defendant's** actions seeking to foreclose on Plaintiff's home/property. Plaintiff is alleging that Defendant does not have standing to foreclose and that Defendant has violated Georgia Code. Plaintiff has requested documents and materials from Defendants for proof of claim and standing to foreclose. Defendant has not yet supplied Plaintiff with this proof.

On or about July 26, 2016, Plaintiff filed an Addendum to Complaint spelling out how that in connection with the Note, Plaintiff gave to Mortgage Electronic Registration Systems, Inc. a Security Deed, which conveyed a security interest on Plaintiff's Home as nominee for PML.

PML then securitized the Loan in a real estate mortgage investment conduit trust, or REMIC trust[1], by conveying its ownership interest in the Loan to **The Depository Trust & Clearing Corporation** [2] (DTCC) as trustee and as Plaintiff's new loan servicer ("Servicer").

---

[1] **REMICs** are used for the pooling of mortgage loans and issuance of mortgage-backed securities and have been a key contributor to the success of the mortgage-backed securities market over the past several decades.

[2] **The Depository Trust & Clearing Corporation (DTCC)** is a US post-trade financial services company providing clearing and settlement services to the financial markets. It provides central custody of securities. DTCC was established in 1999 as a holding company to combine The Depository Trust Company (DTC) and National Securities Clearing Corporation (NSCC). User-owned and directed, it automates, centralizes, standardizes, and streamlines processes in the capital markets. Through its subsidiaries, DTCC provides clearance, settlement, and information services for equities, corporate and municipal bonds, unit investment trusts, government and mortgage-backed securities, money market instruments, and over-the-counter derivatives. It also manages transactions between mutual funds and insurance carriers and their respective investors. And take a look at the numbers. It turns out that this company holds 23 trillion dollars in assets, and had **917 trillion dollars worth of transactions in 2002.** That's trillions, as in thousands of thousands of millions. 23,000,000,000,000 dollars in assets. *The Depository Trust Company absolutely controls every paper asset transaction in the United States as well as the majority of overseas*

SETERUS, INC., through acquisition of other assets by PML or its assignees, believed it acquired the Loan.

SETERUS, INC. then falsely notified Plaintiff claiming to be the Loan's servicer.

**There should be no foreclosure conducted until proper and complete validation has been received and proven along with the Defendant proving its right to enforce the note. Defendant is a DEBT COLLECTOR.**

Denial of TRO will result in irreparable harm, to wit, the depravation of Plaintiff's legally protected property and all trauma that goes with it, including damage to Plaintiff's relationships, reputation within the community, and credit rating.

Granting the TRO will not result in even greater harm to the nonmoving party. If Defendant can prove a valid claim, prove they are a Real Party of Interest, prove they are a lawful Holder in Due Course, and prove they have lawful standing to foreclose, with the case still pending then they are still able to foreclose.

---

*transactions, and they physically hold (as of April 1999) 99% of all stock and bond book-entries in their street name, not the actual owner's names.*
http://seekingalpha.com/article/98297-who-really-owns-your-money-part-i-the-dtcc

WHEREFORE, Plaintiff's motion having satisfied the requisite elements, Plaintiff Motions this Court grant a TRO based on evidence presented before this court.

I respectfully submit this action to this honorable Court on this day 28th of November 2016.

By: *Candice Y. Carley*
Candice Y. Carley
Sui Juris in Propria Persona
4757 Cheviot Way, SE
Smyrna, GA 30080-9257
770-286-2197

## CERTIFICATE OF SERVICE, FONT AND MARGINS

This is to certify that I have this day served the within and foregoing **MOTION FOR TRO** by placing a true and correct copy of same in the United States Mail Priority Mail 2nd day, with prepaid first-class postage affixed thereto, properly addressed as follows:

**Federal Court Northern District Atlanta**
FEDERAL BUILDING
Clerk of the Court
75 Ted Turner Drive, South West,
Atlanta, Georgia 30303

**Brock & Scott, PLLC, LLC**
1544 Old Alabama Road
Roswell, Georgia 30076

**Jennifer Saffold Collins**
Womble Carlyle Sandridge & Rice, LLP -Atl
Suite 2400
271 17th Street, NW
Atlanta, GA 30363-1017

I hereby further certify that this document complies with the margin, font and paper type requirements of this Court, and is in 14 point Times New Roman font.

Respectfully submitted, this 28th day of November, 2016,

*Candice Y. Carley*
_____
Candice Y. Carley

## PLAINTIFF'S NOTICE OF MANUAL FILING

Please take notice that Plaintiff has manually filed the following document or thing: **MOTION FOR TRO.**

This document was not filed electronically because Plaintiff is excused from filing this document or thing electronically by Administrative Procedures For Filing, Signing and Verifying Pleadings and Papers By Electronic Means, Section III-B. The document or thing has been manually served on all parties.

Respectfully submitted, this 28th day of November, 2016,

By: _*Candice Y. Carley*_____

Candice Y. Carley

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Candice Y. Carley, <br> Plaintiff <br><br> v. <br><br> SETERUS, INC., <br><br> Defendant/Respondent | CIVIL ACTION <br> FILE NO: **1:16-cv-02184-CC-LTW** |

### ORDER FOR TEMPORARY RESTRAINING ORDER

HAVING COME ON FOR CONSIDERATION, the Plaintiff's Motion to Order a Temporary Restraining Order to postpone the foreclosure sale scheduled for December 6, 2016, and after due consideration and for good cause shown, the Court GRANTS Plaintiff's Motion.

THEREFORE, IT IS HEREBY ORDERED that the Plaintiff is granted a TRO in Opposition to the Defendants holding a foreclosure sale on the first Tuesday of December 2016.

SO ORDERED this _____ day of _____ 2016

_____
Judge, United States District Court